People v Batista (2022 NY Slip Op 07517)

People v Batista

2022 NY Slip Op 07517

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Ind. No. 2823/16 Appeal No. 17010 Case No. 2018-4059 

[*1]The People of the State of New York, Respondent,
v
Oscar Batista, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shane Magnetti of counsel), for respondent.

Judgment, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered March 9, 2017, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him to five years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 564 [2019], cert denied 589 US , 140 S Ct 2634 [2020]). To the extent that the court's oral colloquy may be viewed as suggesting that defendant was waiving rights that actually would have survived an appellate waiver, any ambiguity was resolved by the written waiver that defendant reviewed with counsel and signed (see People v Ramos, 7 NY3d 737 [2006]; People v Ruperto, 200 AD3d 566, 567 [1st Dept 2021], lv denied 38 NY3d 953 [2022]). Defendant's valid appeal waiver precludes review of his argument that the mandatory surcharge and fees imposed should be vacated pursuant to CPL 420.35(2-a) (see People v Count C., 206 AD3d 496 [1st Dept 2022], lv denied 38 NY3d 1187 [2022]).
Even if there were no valid appeal waiver, we would find no basis to vacate defendant's surcharge and fees in the interest of justice (see People v Whitfield, 198 AD3d 446, 447 [1st Dept 2021] lv denied 37 NY3d 1100 [2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022